NO. 07-99-0369-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 14, 2000

______________________________

WADE STONEHAM, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 242
ND
 DISTRICT COURT OF HALE COUNTY;

NO. B13053-9806; HONORABLE ED SELF, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON ABATEMENT AND REMAND

On June 3, 1999, appellant Wade Stoneham was found guilty of unauthorized absence from a correctional facility, and his punishment was assessed at one year in a state jail facility, probated for a period of two years.  Appellant gave timely notice of appeal from this conviction.  We have received the clerk’s and reporter’s record, but we have not received appellant’s brief.  

On June 20, 2000, we notified appellant’s attorney by letter that his brief was due by March 19, 2000, but we had not received the brief or a motion for extension of time to file the brief.  The attorney was also notified that if no satisfactory response was received by June 30, 2000, it would be necessary to abate and refer the matter to the trial court for a hearing.  Because appellant’s attorney has not favored us with a response, we must abate this appeal and remand to the 242
nd
 District Court of Hale County for a hearing as provided for in Texas Rule of Appellate Procedure 38.8(b). 

Upon remand, the judge of the trial court shall immediately cause notice to be given of, and to conduct, a hearing to determine:

1.  Whether appellant has abandoned his appeal.

2.  Whether his present appellate attorney will diligently pursue the appeal and what steps, if any, should be taken to ensure that diligence.

3.  If it be determined that the present attorney will not diligently pursue the appeal, whether appellant is presently indigent, and if so, whether other counsel should be appointed to represent him.

4.  If it be determined that another attorney should be appointed, the name, address, and State Bar of Texas identification number of the attorney appointed.

5.  If appellant is not indigent and the present attorney will not diligently pursue the appeal, what steps need to be taken to ensure that appellant will promptly obtain the services of another attorney to pursue the appeal.

6.  Whether appellant has been deprived of a diligent appeal by ineffective assistance of counsel or for any other reason.

7.  If any other orders are necessary to ensure the proper and timely pursuit of appellant’s appeal.

In support of its determinations, the trial court will prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk’s record.  The hearing proceedings shall be transcribed and included in a supplemental reporter’s record.  The supplemental clerk’s and reporter’s records shall be submitted to the clerk of this court no later than August 14, 2000.  

It is so ordered. 

Per Curiam

Do not publish.